**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **OSCAR M. GARCIA-RODRIGUEZ,** § § | |
| *Plaintiff*, § § | |
| v. § § | |
| § | **EP-22-CV-00465-DCG** |
| **WELLS FARGO BANK and NAVY** § | |
| **FEDERAL CREDIT UNION,** § § | |
| *Defendants*. § | |

**ORDER DISMISSING CASE
FOR WANT OF PROSECUTION**

On January 12, 2023, the Court granted Plaintiff Oscar M. Garcia-Rodriguez's former counsel's motion to withdraw. *See* Withdrawal Order, ECF No. 3. In that Order, the Court instructed Mr. Garcia-Rodriguez to obtain new counsel or file "an advisory with the Court explaining whether he needs additional time to obtain counsel." *Id.* His deadline to obtain new counsel, or file an advisory if he had not done so, came and went. So the Court *sua sponte* gave Mr. Garcia-Rodriguez additional time to comply with the Court's instruction to file an advisory.[1] 1st Advisory Order, ECF No. 4, at 1.[2] That deadline also passed and still Mr. Garcia-Rodriguez had not filed an advisory and no attorney had appeared on his behalf. Again, the Court gave him additional time to comply with its orders, setting a deadline of April 26, 2023.[3] 2d Advisory

---

[1] The Court instructed Mr. Garcia-Rodriguez to advise it "whether he needs additional time to obtain counsel, or whether he plans to proceed *pro se* (without an attorney)." 1st Advisory Order, ECF No. 4, at 1.

[2] The Court cites to page numbers assigned by the Court's CM/ECF System, not documents' internal pagination.

[3] This time, the Court warned Mr. Garcia Rodriguez that if he did not comply, "the Court *will* dismiss this case, without prejudice, for want of prosecution." 2d Advisory Order, ECF No. 7, at 2 (emphasis removed).

Order, ECF No. 7. But to this day, Mr. Garcia-Rodriguez has not filed an advisory and no attorney has appeared on his behalf.

District courts have authority to dismiss cases for want of prosecution. FED. R. CIV. P. 41(b) (providing for dismissal of an action "[i]f the plaintiff fails to prosecute or [] comply with [the Federal Rules of Civil Procedure] or a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A district court may dismiss a case under Rule 41(b) *sua sponte* when it is "necessary to 'achieve the orderly and expeditious disposition of cases.'" *E.g.*, *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link*, 370 U.S. at 631). In other words, when a plaintiff fails to take any action in his case over an extended period of time, a court must be able to clear the case from its docket. *See, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (explaining that the power to dismiss a case under Rule 41(b) "is based on the courts' power to manage and administer their own affairs" (quotation omitted)); *Ramsay v. Bailey*, 531 F.2d 706, 708–09 (5th Cir. 1976).

Here, despite "repeated warnings" from the Court "that dismissal would result from" Mr. Garcia-Rodriguez's "continued failure to proceed properly," he has remained "total[ly] inactiv[e]" in this case, making dismissal proper. *See Ramsay*, 531 F.2d at 708–09. That said, the Court recognizes that Mr. Garcia-Rodriguez initially had representation and may not have felt comfortable proceeding on his own. For that reason, Mr. Garcia-Rodriguez's conduct does not fall into the category of "the most egregious circumstances" that would warrant dismissal with prejudice, as opposed to dismissal without. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1519–20 (5th Cir. 1985) (quotation omitted). And because this case does not warrant dismissal with prejudice, the Court need not make further factual findings that would otherwise be necessary. *See id.* at 1521 (requiring courts to consider whether "less severe

sanctions" are appropriate before dismissal with prejudice, and listing "alternatives to dismissal [with prejudice], including . . . dismissal without prejudice").

One last thing. "When a dismissal is without prejudice but the applicable statute of limitations probably bars future litigation," dismissal without prejudice is practically "dismissal with prejudice." *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018). Dismissal without prejudice in this case, however, will not, in effect, be dismissal with prejudice. Mr. Garcia-Rodriguez alleges that Defendants engaged in three unauthorized wire transfers that allegedly took place in February 2022. *See* Compl., ECF No. 1, at 12. Assuming his causes of action accrued then (approximately 14 months ago)—which is the earliest conduct he complains of, *see generally* Compl.—he will not be barred from future litigation by any applicable statutes of limitations. His claims subject to a two-year statute of limitations will not be barred.[4] Neither will his claims subject to a four-year statute of limitations.[5]

---

[4] *See, e.g.*, *Gonyea v. Scott*, 541 S.W.3d 238, 248 (Tex. App.—Houston 2017) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)) (appropriation by theft); *Wells Fargo Bank Nw., N.A. v. RPK Cap. XVI, LLC*, 360 S.W.3d 691, 699 (Tex. App.—Dallas 2012) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)) (conversion); *JPMorgan Chase Bank, N.A. v. Pro. Pharmacy II*, 508 S.W.3d 391, 414 (Tex. App.—Fort Worth 2014) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)) (negligence); *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 168 (Tex. 1987) (bad faith and fair dealing in relation to an alleged tort), *holding modified by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990); *In re State Farm Mut. Auto. Ins. Co.*, 614 S.W.3d 316, 352 (Tex. App.—Fort Worth 2020) (bad faith and fair dealing in relation to an alleged tort); *Elledge v. Friberg-Cooper Water Supply Corp.*, 240 S.W.3d 869, 869 (Tex. 2007) (unjust enrichment); *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 233 n.8 (Tex. App.—El Paso 2012) (citing TEX. BUS. & COM. CODE ANN. § 17.565) (Texas Deceptive Trade Practices Act).

[5] *See, e.g.*, *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 315 (Tex. 2006) (breach of contract); *Medal, L.P. v. Kvaerner Process Sys. US, Inc.*, No. 14-03-01334-CV, 2004 WL 1192894, at *1 (Tex. App.—Houston Jun. 1, 2004) (monies due on a written debt); *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 165 (Tex. App.—El Paso 1997) (collecting cases) (monies had and received); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. App.—Houston 2007) (collecting cases) (quantum meruit); *Prestige Ford Garland Ltd. P'ship v. Morales*, 336 S.W.3d 833, 836 (Tex. App.—Dallas 2011) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.051, and collecting cases) (promissory estoppel); TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(4) (fraud); *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 203 (Tex. 2011) (fraud); *Shannon v. L.-Yone*, 950 S.W.2d 429, 433 (Tex. App.—Fort Worth 1997) (fraud by misrepresentation or inducement); *Arnold*, 725 S.W.2d at 168 (breach of duty of good faith and fair

For the reasons stated herein, the Court **DISMISSES** Plaintiff Oscar M. Garcia-Rodriguez's case against Defendants Wells Fargo Bank and Navy Federal Credit Union **WITHOUT PREJUDICE**.  Because this dismissal is without prejudice, Mr. Garcia-Rodriguez is allowed to refile his case.  The Court respectfully **WARNS** Mr. Garcia-Rodriguez that some of his claims are subject to two-year statutes of limitations.

The Clerk of Court shall **CLOSE** this case.

The Court **DIRECTS** the Clerk of Court to **MAIL** a copy of this Order to:

Oscar M. Garcia-Rodriguez
11121 Pink Coral Dr.
El Paso, TX 79936

The Court also **DIRECTS** the Clerk of Court to **E-MAIL** a PDF copy of this Order to:

Oscar M. Garcia-Rodriguez
mrclean2192@gmail.com

**So ORDERED and SIGNED this 27th day of April 2023.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

dealing in relation to an alleged breach of contract claim), *holding modified by Murray*, 800 S.W.2d 826; *In re State Farm*, 614 S.W.3d at 352 (breach of duty of good faith and fair dealing in relation to an alleged breach of contract claim).